IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROY A. DAY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1096-LPS |
| 21ST CENTURY CENTENNIAL INSURANCE COMPANY and ANTHONY J. DESANTIS, | : |
| Defendants. | : |

Roy A. Day, Tarpon Springs, Florida, Pro Se Plaintiff.

Tracy A. Burleigh, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 17, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Roy A. Day ("Plaintiff") filed this declaratory judgment action (D.I. 2) on September 12, 2012, pursuant to 28 U.S.C. § 2201, against Defendant 21st Century Centennial Insurance Company ("21st Century"), a Delaware corporation, and its president and chief executive officer Anthony J. DeSantis ("DeSantis"). Plaintiff invokes jurisdiction by reason of diversity of the parties pursuant to 28 U.S.C. § 1332. Presently before the Court is Plaintiff's motion to disqualify the undersigned judge. (D.I. 47) For the reasons that follow, the Court will deny the motion and will order the parties to address the issue of venue. The Court will also deny without prejudice all other pending motions, which may be renewed after the Court determines whether to transfer venue.

## II. BACKGROUND

Plaintiff resides on Florida. He was involved in an automobile accident on June 23, 2010, when his 2010 Hyundai Accent was rear-ended by an uninsured motorist. Plaintiff is insured by 21st Century, and he filed a property damages claim. The claim was assigned to 21st Century's Florida South Auto Claims Team. The car was deemed a total loss, and 21st Century offered Plaintiff $10,723.33 in exchange for his relinquishment of ownership of the Hyundai Accent. Plaintiff rejected the offer. Plaintiff alleges that because the insurance adjusters made a fraudulent initial officer, he was forced and coerced to transfer the insurance claim to DeSantis, the only individual with full and complete legal authority at 21st Century. Plaintiff made four counter-offers to DeSantis by mail and, as alleged, he did not receive a written rejection from Defendants.

The Complaint contains five counts: (1) Count I seeks declaratory relief pursuant to 28 U.S.C. § 2201; (2) Count II alleges breach of contract; (3) Count III alleges negligence; (4) Count IV alleges fraud; and (5) Count V alleges emotional distress. Plaintiff seeks compensatory damages, declaratory relief, and reasonable costs and attorneys' fees.

### III. MOTION TO DISQUALIFY JUDGE

Plaintiff moves to disqualify the undersigned on the grounds of extreme bias and prejudice by reason of orders entered in the following civil cases filed by Plaintiff: Civ. Nos. 12-1566-LPS, 12-1567-LPS, 12-1715-LPS, 12-1717-LPS, 12-1718-LPS, and 12-1719-LPS.[1] Plaintiff alleges the undersigned entered the orders pursuant to a prior agreement as a co-conspirator with judges of the United States Court of Appeals for the Eleventh Circuit. Defendants oppose the motion.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions which merit recusal must involve extrajudicial factor).

---

[1]Plaintiff mistakenly refers to the cases as criminal cases.

It is evident in reading Plaintiff's motion that the basis on which he seeks recusal is his displeasure with this Court's rulings. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice. Nor would a reasonable, well-informed observer questions this Court's impartiality. The undersigned has no actual bias or prejudice towards Plaintiff. Accordingly, there are no grounds for recusal.

### III.   VENUE

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. In the instant case, Plaintiff resides in Florida, it appears the insurance was purchased in Florida, the accident that resulted in a loss and claim occurred in Florida, and 21st Century's Florida South Auto Claims Team was assigned the claim. In addition, Plaintiff has filed a motion asking the Court to enter an order that Florida law controls the issues. (*See* D.I. 41) At this juncture, it is unknown if the insurance contract contains a choice-of-law clause.

In light of the foregoing, the parties shall file briefs addressing whether the United States District Court for the Middle District of Florida is a more convenient venue for this matter. *See* 28 U.S.C. § 1404. The accompanying order will set forth the time frame for filing the briefs. The parties are placed on notice that the Court will not consider motions that seek to extend time to file briefs.

V.  **CONCLUSION**

For the above reasons, the Court will deny Plaintiff's motion to disqualify the judge. The Court will order the parties to file briefs addressing whether the United States District Court for the Middle District of Florida is a more convenient venue for this matter. All of the remaining motions will be denied without prejudice to renew after the Court determines whether to transfer venue.

An appropriate Order will be entered.